IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN WILLIAM MACKIE,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-788-jdp

---

Plaintiff Brian William Mackie seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding him not disabled as defined in the Social Security Act. The court heard oral argument in this case on November 3, 2015. For reasons discussed during the hearing and summarized here, the court will deny Mackie's motion and affirm the Commissioner's decision.

Mackie contends that the ALJ erroneously discounted treating source opinions by William F. Schnell, MD. When determining Mackie's residual functional capacity (RFC), the ALJ discussed relevant medical records and weighed the medical opinion evidence. R. 18-19.[1] The ALJ specifically discounted Dr. Schnell's opinion that Mackie should not perform "heavy work" because Dr. Schnell did not define "heavy work," and, as a result, the opinion was not specific enough to be meaningful. R. 18. The ALJ also recognized that on numerous occasions, Dr. Schnell summarily opined that Mackie was totally and permanently disabled and that Mackie was unable to sustain gainful employment. R. 19.

---

[1] Record cites are to the administrative transcript, located at Dkt. 11.

The ALJ ultimately declined to afford Dr. Schnell's opinions any weight for two reasons. First, the ALJ determined that Dr. Schnell's own treatment notes did not support his conclusory opinions. The ALJ discussed Dr. Schnell's treatment notes at length, citing to several records and pointing out that Dr. Schnell described Mackie as a "healthy, vigorous man who was in no acute distress." R. 20. Dr. Schnell noted that Mackie did not experience any range of motion limitations, that he had excellent grip and shoulder strength, and that Mackie had not experienced any significant joint destruction. R. 20. (citing Exs. 30F, 8F, and 11F). Second, the ALJ determined that Mackie's daily activities undermined Dr. Schnell's opinions. R. 20. The ALJ discussed Mackie's function reports and, to a lesser extent, Mackie's hearing testimony. R. 20.

Mackie has been through a lot in terms of his musculoskeletal health, including multiple surgeries and a previous period of disability. However, the ALJ's decision is carefully crafted and well articulated. The ALJ specifically identified and discussed contradictory objective evidence in the record—primarily Dr. Schnell's own treatment notes—before declining to afford Dr. Schnell's opinion controlling weight. The ALJ afforded Dr. Steiner, the IME, great weight, "based on his expertise in physical rehabilitative medicine, his ability to review the entire record and the consistency with the record." R. 18. The ALJ cited to specific exhibits throughout his discussion. In short, the ALJ identified and applied the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended*, (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)). Substantial evidence in the record as a whole supports the ALJ's decision to decline to afford Dr. Schnell's conclusory opinions any weight.

Mackie also contends that the ALJ erroneously discounted his testimony concerning his subjective symptoms. The ALJ determined that although Mackie's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Mackie's statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent that they were not consistent with the objective medical evidence in the record. R. 20. Despite this unfortunate phrasing, the ALJ carefully articulated the inconsistent evidence. Mackie collected unemployment benefits, performed work around his home, drove, camped, and played board games. The ALJ noted that Mackie's own doctor observed that he was healthy, vigorous, and in no acute distress.

The court "will only overturn the ALJ's credibility determination if it is patently wrong, which means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014), *as amended*, (Aug. 20, 2014), *reh'g denied*, (Oct. 10, 2014). The court affords ALJ credibility determinations deference because ALJs are in the unique position to hear, see, and assess witnesses. *Id.* at 815 (citing *Shideler v. Astrue,* 688 F.3d 306, 311 (7th Cir. 2012)).

As an initial point, Mackie did not sufficiently develop a credibility argument in his brief, and the court could disregard this argument as waived. *See United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). But even if the argument were not waived, it is nonetheless unpersuasive. The ALJ gave several satisfactory reasons for discrediting Mackie's hearing testimony. The ALJ referred to Mackie's daily activities, the fact that he applied for unemployment, and Dr. Schnell's treatment notes. R. 20-21. Although the ability to perform daily activities is not necessarily indicative of Mackie's ability

3

to return to full-time work, such evidence *does* go to his credibility, which is how the ALJ used that evidence here. The ALJ's determination was not patently wrong.

ORDER

IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Brian William Mackie's application for disability benefits and supplemental security income is AFFIRMED and Mackie's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered November 18, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge